UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

IN THE MATTER OF:

BRYAN CRINO, as owner of a
2021 Pursuit DCV 326 bearing
Hull Identification No.: PURD21821021,
its Engines, Tackle, Appurtenances,
Equipment, Etc., In a cause for Exoneration
from or Limitation of Liability,

Case No. 8:25-cv-1224-MSS-AEP
IN ADMIRALTY

          Petitioner.
_____/

**REPORT AND RECOMMENDATION**

This cause comes before the Court upon Petitioner's Motion for Entry of Default Judgment. (Doc. 13). Petitioner requests that the Court enter default judgment against all non-appearing potential claimants. For the reasons discussed below, the undersigned recommends granting the Motion.

**I.    Background**

On May 13, 2025, Petitioner filed a Complaint for Exoneration from or Limitation of Liability pursuant to 46 U.S.C. § 30501 *et. seq.*, and Supplemental Rule F, claiming the right to exoneration from liability, or alternatively, limitation of liability, for all claims arising out of an incident which occurred on the navigable waters of the United States in or around Old Tampa Bay, in Hillsborough County, Florida. (Doc. 1). The complaint sets forth the facts and circumstances on which such exoneration from, or limitation of, liability is claimed. (Doc. 1).

On August 6, 2025, this Court entered an Order establishing a Monition deadline of September 12, 2025, for Claimants to file claims or Answers to the Complaint. (Doc. 5). On August 7, 2025, the Clerk of Court entered a Notice to All Potential Claimants of Complaint for Exoneration from or Limitation of Liability. (Doc. 6). The Notice required all persons having claims for any damages or injuries arising out of, or occurring as a result of, the incident on September 27, 2024, to file their respective claims on or before September 12, 2025, or be defaulted. Petitioner sent a copy of the Order to every known potential Claimant. Petitioner also sent copies of the Clerk's Notice to Claimants of Complaint for Exoneration from or Limitation of Liability to known Claimants and the initial pleadings. On September 8, 2025, Petitioner filed his Proof of Publication to All Potential Claimants notifying this Court that publication was completed, commencing on August 17, 2025, and continuing through September 7, 2025. (Doc. 7). The deadline for potential claimants to come forward was September 12, 2025. No persons or entities filed a claim, answer, or other paper in the proceedings, so this Court entered a Clerk's Default against all non-appearing potential claimants. (Docs. 10–11).

Petitioner is now seeking default judgment under Rule 55(b) (Doc. 13). Since the entry of the default, no other parties or potential claimants have filed a claim (Doc. 13, at 4).

## II. Discussion

In an action to exonerate or limit liability from claims arising out of maritime accidents, the Supplemental Rules set forth strict deadlines for providing notice to potential claimants and filing claims. Supplemental Rule F(4) states, in pertinent part:

> [T]he court shall issue a notice to all persons asserting claims with respect to which the complaint seeks limitation, admonishing them to file their respective claims with the clerk of the court and to serve on the attorneys for the plaintiff a copy thereof on or before a date to be named in the notice. The date so fixed shall not be less than 30 days after issuance of the notice. For cause shown, the court may enlarge the time within which claims may be filed. The notice shall be published in such newspaper or newspapers as the court may direct once a week for four successive weeks prior to the date fixed for the filing of claims. The plaintiff not later than the day of second publication shall also mail a copy of the notice to every person known to have made any claim against the vessel or the plaintiff arising out of the voyage or trip on which the claims sought to be limited arose.

Supplemental Rule F(4). Once such notice has been given, all claims "shall be filed and served on or before the date specified in the notice provided." Supplemental Rule F(5). If a claimant desires thereafter to contest either the right to exoneration from or the right to limitation of liability, the claimant then shall file and serve an answer to the complaint, unless the claim included an answer. Supplemental Rule F(5).

In actions arising under these rules, a default judgment will be entered against any potential claimant who failed to respond to public notice of a complaint for exoneration from or limitation of liability within the established notice period when the petitioner fulfilled his or her "'obligation to publish notice of the limitation

3

proceeding . . . the Notice expressly and clearly stated the deadline for filing a claim and/or answer . . . and [the notice stated] that a consequence of failing to file a timely claim and/or answer was default and being forever barred from filing a claim and/or answer.'" *In re: Ruth*, 8:15-cv-2895-T-23TBM, 2016 WL 4708021, at *2 (M.D. Fla. Aug. 23, 2016), *report and recommendation adopted sub nom. In re 37' 2000 Intrepid Powerboat*, 8:15-cv-2895-T-23TBM, 2016 WL 4667385 (M.D. Fla. Sept. 7, 2016) (quoting *In re Petition of Holliday*, No. 6:14-cv-1709-Orl-28DAB, 2015 WL 3404469, at *3 (May 26, 2015)); *see also In re Reef Innovations, Inc.*, No. 11-cv-1703-Orl-31GJK, 2012 WL 195531, at *2 (M.D. Fla. Jan. 6, 2012), *report and recommendation adopted sub nom. In Matter of Reef Innovations, Inc. v. Triplett*, 2012 WL 177558 (M.D. Fla. Jan. 23, 2012).

In this instance, Petitioner fulfilled his obligations and, as such, a default judgment is warranted. Namely, the notice was published and appeared once a week for four consecutive weeks in the *Tampa Bay Times* starting August 17, 2025. (Doc. 7). The notice expressly stated that the deadline for filing a claim or answer was September 12, 2025, and that the failure to file a claim or answer could result in the waiver of the right to file such claim or answer. (Doc. 7-1). Thus, the required notice has been given, and the time for filing a claim has expired. No claimants timely filed a claim. (Doc. 13, at 4). A clerk's default has been entered against all non-appearing potential defendants. (Docs. 10–11). Given the foregoing, default judgment is now appropriate.

### III.  Conclusion

After due consideration, it is hereby

RECOMMENDED that:

1. Plaintiff's Motion for Default Judgment against all Non-Appearing Claimants (Doc. 13) be GRANTED; and that

2. All persons and entities who failed to file a claim or answer be barred from the filing of any further claims or answers in these proceedings or in any other proceedings related to or arising out of the event described in the Complaint (Doc. 1).

IT IS SO REPORTED in Tampa, Florida, on this 20th day of November, 2025.

_____
ANTHONY E. PORCELLI
United States Magistrate Judge

## NOTICE TO PARTIES

A party has fourteen days from the date they are served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections. 28 U.S.C. § 636(b)(1)(C). A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1). **Should the parties wish to expedite the resolution of this matter, they may promptly file a joint notice of no objection.**

cc:   Hon. Mary S. Scriven
      Counsel of Record